UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY**, an Illinois Corporation, as Subrogee of Donald and Marie Griggs<br><br>*Plaintiff*,<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY**, a New York Corporation<br><br>Defendants. | Case No. 19-cv-11045<br><br>Hon.<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, ALLSTATE INSURANCE COMPANY, as a Subrogee of Donald and Marie Griggs, by and through its attorneys, COZEN O'CONNOR, complains of Defendant, GENERAL ELECRTRIC COMPANY ("GE") and for its Complaint states the following:

## JURISDICTION

1. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as Plaintiff, ALLSTATE INSURANCE COMPANY, and Defendant GE, are citizens of different states, are diverse parties, and the amount in controversy exceeds $75,000.

2. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) & (b)(3) as the events or omissions giving rise to this claim occurred in Commerce Township, Michigan, and Defendants do business throughout the State of Michigan and specifically throughout the Eastern District of Michigan.

## PARTIES

3. ALLSTATE INSURANCE COMPANY ("ALLSTATE"), as a subrogee of Donald and Marie Griggs, is an insurance company licensed in the State of Illinois and engaged in the business of insuring properties throughout the United States including Michigan, with its principal place of business in Northbrook, Illinois, and is a citizen of the State of Illinois.

4. Upon information and belief, GE is a New York corporation with its principal place of business located in the state of Massachusetts, and is a citizen of the States of New York and Massachusetts.

5. Upon information and belief, and at all times relevant, GE was engaged in the business of designing, manufacturing, supplying, distributing, and selling consumer appliances, including clothes washing machines, throughout the United States, including in the state of Michigan, under the brand name "GE."

## FACTS

6. At all times relevant, Donald and Marie Griggs (the "Griggs" or the "Insureds") owned a residence located at 2907 Windwood Court, Commerce Township, Michigan, which was insured by ALLSTATE for, among other things, damage caused by smoke and fire.

7. In or around 2010, and prior to April 14, 2017, Allstate's Insureds purchased a GE brand clothes washing machine (Model Number: GTWN2800DWN) (hereinafter "Washing Machine"), and used it in their home.

8. Upon information and belief, GE designed, manufactured, supplied, distributed, and sold into the stream of commerce the Washing Machine.

9. At all relevant times, the Washing Machine was used for the intended purpose of washing clothes within the Griggs' home and was used in a manner reasonably foreseeable to GE.

10. On April 14, 2017, a fire caused significant property damage to the Griggs' home (the "Fire").

11. A fire origin and cause investigation revealed that the Fire originated from within the Washing Machine.

12. Pursuant to their insurance policy with ALLSTATE, the Griggs submitted a claim to ALLSTATE seeking payment and/or reimbursement for property damage that resulted from the Fire.

13. ALLSTATE paid amounts in excess of $75,000, to or on behalf of the Griggs in connection with the claim of loss submitted by the Griggs for property damage.

14. To the extent of payments made to its Insureds, ALLSTATE is contractually and equitably subrogated to all rights, remedies, and causes of action accruing to the Griggs and against the Defendant GE.

## COUNT I - NEGLIGENCE

15. ALLSTATE re-alleges and incorporates all preceding paragraphs as if they were set forth and fully pled herein.

16. At all relevant times, GE has a duty to exercise reasonable care in the design, manufacture, testing, inspection, supply, and distribution of the Washing Machine, including a duty to refrain from placing defective and unreasonably dangerous products from the stream of commerce.

17. At all relevant times, GE had a duty to warn consumers about defective and unreasonably dangerous products in the stream of commerce.

18. At all relevant times, GE had a duty to issue a recall for, and remove from the stream of commerce, defective and unreasonably dangerous products which it manufactured and placed into the stream of commerce.

19. Upon information and belief, Defendant GE's negligent acts and omissions include, but are not limited to:

   a. carelessly and negligently designed and manufactured the Washing Machine in such a way as to cause a malfunction and ignite a fire;

   b. carelessly and negligently marketed, distributed, and sold the Washing Machine for the purpose of washing clothing in a residential setting, although GE knew, or in the exercise of ordinary and reasonable care, should have known, that such a use presented a fire hazard.

   c. carelessly and negligently designed, manufactured, marketed, distributed, and sold the Washing Machine for the purpose of washing clothing in a residential setting, though it had been manufactured and designed with material that were inadequate for such use and that presented a fire hazard;

   d. carelessly and negligently designed, manufactured, marketed, distributed, and sold the Washing Machine for the purpose of washing clothing in a residential setting, though the Washing Machine was unsafe and dangerous when used for this intended application;

   e. carelessly and negligently designed, manufactured, marketed, distributed, and sold the Washing Machine for the purpose of washing clothing in a residential setting, without conducting adequate testing to determine if the product was safe for this intended application;

   f. carelessly and negligently failed to adequately instruct or warn users that the Washing Machine posed a fire risk when used for the purpose of washing clothing in a residential setting;

   g. carelessly and negligently marketed, distributed, and sold the Washing Machine without any warning that the Washing Machine posed a fire risk when used for the intended purpose of washing clothing in a residential setting;

   h. failing to issue a recall for the Washing Machine based on its unreasonably dangerous condition; and

   i. otherwise being careless and negligent in marketing, designing, manufacturing, assembling, distributing and selling the subject Washing Machine.

20. As a direct and proximate result of one or more of GE's negligent acts or omissions, the Washing Machine failed, ignited, and caused the Fire

21. As a proximate result of the Fire caused by GE's negligence, the Griggs suffered significant smoke and fire-related property damage to their home and other property located therein, in addition to related expenses.

WHEREFORE, Plaintiff, ALLSTATE INSURANCE COMPANY, as a Subrogee of Donald and Marie Griggs, respectfully requests that judgment be entered in its favor and against Defendant GENERAL ELECTRIC COMPANY on this Count I, in an amount to be proven at trial together with costs, interest and any other relief the Court deems equitable and just.

### COUNT II – BREACH OF IMPLIED WARRANTY

22. ALLSTATE re-alleges and incorporates all preceding paragraphs as if they were set forth and fully pled herein.

23. At the time GE marketed, sold, and distributed the Washing Machine, GE was aware of the use for which the Washing Machine was intended and impliedly warranted the product to be of merchantable quality, safe, fit, and effective for such use.

24. GE knew, or had reason to know, that the Griggs would rely on GE's judgment and skill in providing the Washing Machine for its intended use.

25. The Griggs reasonably relied upon the skill and judgment of GE as to whether the Washing Machine was of merchantable quality, safe, fit, and effective for its intended use.

26. Contrary to such implied warranty, the Washing Machine was not of merchantable quality or safe or fit or effective for its intended use because the product was, at all relevant times,

unreasonably dangerous, defective, unfit, and ineffective for the ordinary purposes for which the Washing Machine was used.

27. As a direct and proximate result of GE's breach of implied warranty, the Washing Machine failed; and that failure caused the Fire.

28. As a proximate result of the Fire caused by the Washing Machine, the Griggs suffered significant smoke and fire-related property damage to their home and other property located therein, in addition to related expenses.

WHEREFORE, Plaintiff, ALLSTATE INSURANCE COMPANY, as a Subrogee of Donald and Marie Griggs, respectfully requests that judgment be entered in its favor and against Defendant GENERAL ELECTRIC COMPANY on this Count II, in an amount to be proven at trial, together with costs, interest and any other relief the Court deems equitable and just.

Dated this 10th day of April, 2019.

                    **COZEN O'CONNOR**

                    *s/ Philip T. Carroll*
                    Philip T. Carroll (P54383)
                    Cozen O'Connor
                    333 W. Wacker Drive, Suite 1900
                    Chicago, IL 60606
                    Telephone: (312) 382-3100
                    Fax: (312) 382-8910
                    pcarroll@cozen.com